FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

2011 AUG -4 P 4: 56

Alexandria Division

CLERK US DISTRICT COURT
ALEXANDRIA. VIRGINIA

UNITED STATES OF AMERICA )
)
v. ) Case No: 1:11-CR-381
)
UNDER SEAL )

## GOVERNMENT'S NON-CONFIDENTIAL MEMORANDUM ACCOMPANYING ITS MOTION TO SEAL CASE PURSUANT TO LOCAL RULE 49(G)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(G) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order sealing this entire case.

### I. ITEMS TO BE SEALED AND NECESSITY FOR SEALING

1. The government asks the Court to seal this entire case.

2. Sealing is necessary because premature disclosure of this case would jeopardize an ongoing criminal investigation, jeopardize the defendant's ability to cooperate in the investigation, and lead to the destruction of evidence. The government has considered procedures other than sealing and none will suffice to protect this information from disclosure.

### II. REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

3. The Court has the inherent power to seal materials submitted to it. See United States v. Wuagneux, 683 F.2d 1343, 1351 (11th Cir. 1982); State of Arizona v. Maypenny, 672 F.2d 761, 765 (9th Cir. 1982); Times Mirror Company v. United States, 873 F.2d 1210 (9th Cir. 1989); see also Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1975); United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980); In re Braughton, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court

has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Sealing is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. See e.g. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); Matter of Eye Care Physicians of America, 100 F.3d 514, 518 (7th Cir. 1996); Matter of Flower Aviation of Kansas, Inc., 789 F.Supp. 366 (D. Kan. 1992).

### III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(D)(4))

4. The entire case would need to remain sealed until the United States moves to unseal the case.

5. The United States will move to unseal the entire case as soon as sealing is no longer necessary.

WHEREFORE, the United States respectfully requests that an Order to Seal be entered.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By: _____
John Eisinger
Assistant United States Attorney